# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES E. REED, JR. *aka* JAMES BONNETT | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-13-91 |
| BOBBY SHEARIN, Warden | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Respondent filed an answer to the above-captioned petition for writ of habeas corpus (ECF No. 19) and petitioner has filed a reply thereto (ECF No. 21). A hearing is unnecessary.[1] *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011), *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). The matter is now ripe for dispositive review.

Petitioner is an inmate confined to the custody of the Maryland Department of Public Safety and Correctional Services (DPSCS) for service of a life sentence and two consecutive sentences totaling eleven years.[2] ECF No. 19 at Ex. 1. Petitioner began serving his term of confinement on May 20, 1972. *Id.* By his petition he challenges a detainer lodged with DPSCS

---

[1] Under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus Cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." Having determined the instant case does not require an evidentiary hearing, the court will deny petitioner's motion for appointment of counsel.

[2] Petitioner was sentenced to life imprisonment for first-degree murder and ten years consecutive for use of a handgun in the Circuit Court for Prince George's County on November 28, 1972. On February 5, 1973, petitioner was sentenced to an additional one-year consecutive term for escape. ECF No. 19 at Ex. 1.

by the District of Columbia on April 13, 1973, which he claims has expired and is improperly filed.

The District of Columbia detainer serves as notice to the DPSCS that the United States Marshal must be notified in advance of petitioner's release because he was sentenced by the District of Columbia court to serve a three to nine year consecutive sentence for robbery. ECF No. 19 at Ex. 1. Respondent asserts that because there is no evidence that the District of Columbia sentence has been overturned or is otherwise invalid, the detainer remains active.

In an amended petition for writ of habeas corpus, petitioner asserts that the District of Columbia detainer is invalid because his Maryland conviction is invalid. ECF No. 10. He claims that his Maryland conviction was "effected" by the Maryland Court of Appeals decision in *Unger v. State of Maryland*, 427 Md. 383 (2012).[3] He states he has been unable to successfully present the argument that his Maryland sentence is unconstitutional because of the loss of his trial transcripts and other documents pertaining to his conviction. Petitioner reasons that since the loss of records is not his fault and he tried to present his claim before the State courts, but they would not consider his claim, his Maryland conviction should be ruled invalid. Petitioner then concludes that since he has been in Maryland's custody for 41 years and the District of Columbia detainer is for service of three to nine year sentence, he should be released from custody. ECF No. 10 and 21.

Respondent asserts the petition should be dismissed because the claims are unexhausted. ECF No. 19. Petitioner counters that he has attempted to present his claim to the Maryland courts without success, but that his efforts were thwarted by the inability to locate any of the court records related to his conviction. ECF No. 22. In essence, petitioner seeks to have this

---

[3] *Unger* held that a trial court's jury instructions on legal matters in a criminal trial that were "merely advisory" violated Article 23 of the Maryland Declaration of Rights. *Unger*, 427 Md. at 418.

2

court deem state remedies exhausted in light of the circumstances. Petitioner admits his petition is a "fishing expedition," because he is attempting to obtain records and transcripts from the State. *Id.*

The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Petitioner has not exhausted state court remedies.

Even assuming petitioner's claim may be deemed exhausted due to the loss of records, the claim is not properly before this court. Under 28 U.S.C. § 2244(d)(1)(C), the one-year limitation for filing a petition for federal habeas relief begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." The case relied upon by petitioner is one issued by the Maryland Court of Appeals, not the Supreme Court.[4] Thus, his federal habeas petition seeking review of his Maryland conviction is time-barred. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998) (prisoners whose convictions were finalized before April 24, 1996, had one year from effective date to file petition for writ of habeas corpus in federal court).

To the extent petitioner is asserting a claim that false information is being maintained in his prison file, his claim also fails. Prisoners have a constitutional right to have prejudicial, erroneous information expunged from prison files. *See Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979). In order to state a claim, petitioner must allege that the information is in his file, the information is false, and prison officials have nonetheless refused to expunge the material. *Id.* In the instant case, petitioner cannot establish that the District of Columbia detainer is false because he was in fact convicted of robbery and sentenced to a term consecutive to his Maryland sentence by the District of Columbia courts. Neither of his convictions has been overturned[5] and the detainer remains valid.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Petitioner has not demonstrated a debatable issue, therefore, a certificate of appealability shall not issue.

---

[4] Petitioner's claims also do not fall within the purview of the other exceptions to the one-year limitation provided in 28 U.S.C. § 2244(d)(1)(A) – (C).

[5] Petitioner's assertion that his Maryland conviction has been ruled unconstitutional is incorrect. ECF No. 23. There has been no determination that the error occurring in *Unger* occurred in petitioner's case.

4

DATED this 9 day of May, 2013.

                                        BY THE COURT:

                                        */s/ James K. Bredar*
                                        James K. Bredar
                                        United States District Judge